```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | | |
|---|---|---|
| **JAMES L. JONES,** | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2708 Ml/An |
| | ) | |
| **TENNESSEE AIR NATIONAL GUARD** | ) | |
| **et al.,** | ) | |
| | ) | |
|     Defendants. | ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
_____

Before the Court is the Motion of Defendant Tennessee Air National Guard ("TNANG") to Dismiss the Amended Complaint, filed April 22, 2005. Plaintiff responded in opposition on August 1, 2005. Plaintiff submitted an amended response on October 12, 2005.[1] For the following reasons, Defendant's motion is GRANTED.

**I.   BACKGROUND**

Plaintiff James L. Jones brings this suit against Defendant TNANG under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging racial discrimination, retaliation, and the creation of a hostile work environment. Plaintiff is an African-American male hired by Defendant TNANG in February 1989

---

[1] Plaintiff moved to amend his response to Defendant's motion on October 12, 2005. Plaintiff's motion is hereby GRANTED and the clerk is ORDERED to file the document attached to Plaintiff's motion as Plaintiff's Amended Response and Objection to Defendants' Motion to Dismiss.

as a part-time Administrative Clerk. (Am. Compl. ¶ 6.) Plaintiff later secured full-time work within TNANG. (Id.) According to military personnel records, Plaintiff was a "full time Active Guard Reserve member on full time active duty status pursuant to 32 U.S.C. § 502(f) and 10 U.S.C. § 672(f)." (Memo. Mot. Dismiss Ex. A). Plaintiff held the rank of Master Sergeant. (Id.)

Plaintiff contends that beginning in 2000, he was not given performance evaluations as required under Air National Guard regulations. (Am. Compl. ¶¶ 9-10.) Plaintiff alleges that white male employees of TNANG continued to receive performance evaluations. (Id. ¶ 11.) In addition, Plaintiff alleges that he was reprimanded for failing to participate in "the Base Image Day event," while a white male who similarly failed to participate was not reprimanded. (Id. ¶¶ 14-16.) Plaintiff also contends that he was denied earned leave for no reason (Id. ¶¶ 18-19) and that he was insulted publicly by his commander, Defendant Hall, who "intentionally insinuat[ed] that the plaintiff was not doing his job" (Id. ¶ 20).

Starting in September 2001, Plaintiff filed numerous internal complaints regarding the above behavior. (Id. ¶¶ 13, 21-22, 24.) He filed complaints with the National Guard Bureau and with the Office of the Inspector General of the Air Force. (Id. ¶¶ 21, 24.) Plaintiff's complaint that he submitted to the Office of the Inspector General of the Air Force was forwarded to

the National Guard Bureau and dismissed on August 18, 2003.  (Id. ¶¶ 24-27.)  The Equal Employment Opportunity Commission issued Plaintiff a right to sue letter on July 6, 2004.  (Id. ¶ 29.)  Plaintiff filed the instant lawsuit in September 2004 and an amended complaint in October 2004.  Defendant TNANG filed the instant motion to dismiss in April 2005 on the grounds that this Court lacks subject matter jurisdiction.

## II.  STANDARD OF REVIEW

Article III of the United States Constitution provides that federal courts may hear only justiciable cases or controversies. U.S. Const. Art. III, § 2; see also Southwest Williamson County Community Ass'n, Inc. v. Slater, 243 F.3d 270, 276 (6th Cir. 2001).  In every federal case, the threshold question is whether the court has the judicial power to hear the suit.  Warth v. Seldin, 422 U.S. 490, 498 (1975).  It is the obligation of the court to determine whether a claim is justiciable.  Southwest Williamson County Community Ass'n, Inc., 243 F.3d at 276.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss an action for lack of subject matter jurisdiction.  In order to survive a Rule 12(b)(1) motion, the plaintiff has the burden of proving that the court has subject matter jurisdiction.  Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1986).  In reviewing a Rule 12(b)(1) motion challenging the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents

and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). If a court determines that it lacks subject matter jurisdiction, "the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

**III. ANALYSIS**

The National Guard is a component of the Armed Forces of the United States. Gilligan v. Morgan, 413 U.S. 1, 7 (1973); see also Leistiko v. Stone, 134 F.3d 817, 818 (6th Cir. 1998)(finding that Ohio National Guard technician was federal employee whose employment was administered by the state). The Air National Guard is one of the reserve components of the United States Air Force, and is part of the National Guard of the United States. 10 U.S.C. §§ 335(c)(1),(c)(4), (c)(5), 672; 32 U.S.C. § 101(3). The National Guard is under the control of the states for day-to-day operations, but it is federally funded and its training must comply with federal standards. Ill. Nat'l Guard v. Fed. Labor Relations Bd., 854 F.2d 1396, 1397-98 (D.C. Cir. 1988). In order to become a member of the National Guard of the United States, an individual must enlist as a member of the National Guard of a particular state. 10 U.S.C. §§ 591, 12201. A military member of a state national guard is a member of the Air National Guard of the United States, 32 U.S.C. § 101(7), as well as a member of the state national guard.

Plaintiff has brought suit under 42 U.S.C. § 2000e-16(a), which provides that military departments are prohibited from discriminating in employment decisions.  This provision of the Civil Rights Act of 1964 waives the federal government's sovereign immunity for employment discrimination actions.  <u>Misra v. Smithsonian Astrophysical Observatory</u>, 248 F.3d 37, 39 (1st Cir. 2001).  However, courts read the statute to apply only to civilian employees of the military and not to uniformed members of the Armed Forces.  <u>Fisher v. Peters</u>, 249 F.3d 433, 439 (6th Cir. 2001).

It is well settled that "uniformed members of the armed forces have no remedy under Title VII of the Civil Rights Act of 1964."  <u>Coffman v. State of Michigan</u>, 120 F.3d 57, 59 (6th Cir. 1997).  When a superior makes an adverse decision towards a military member, there is no remedy for damages within civilian courts.  <u>Fisher</u>, 249 F.3d at 439.  Courts have "consistently refused to extend statutory remedies available to civilians to uniformed members of the armed forces absent a clear direction from Congress to do so."  <u>Coffman</u>, 120 F.3d at 59 (holding that officer in the Army could not bring claims under the Americans with Disabilities Act, the Rehabilitation Act, or state law).

Accordingly, Plaintiff, as a uniformed military member of the Tennessee Air National Guard and the United States military, cannot bring suit under Title VII against the National Guard.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction.  As the Court finds that there is no subject matter jurisdiction over this case, the case is DISMISSED as to all Defendants.

SO ORDERED this 15th day of February, 2006.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE